## NEWPORT COUNTY.

PETITION OF SUSAN C. CLARKE *et al.* for an Opinion of the Court.

A testator devised and bequeathed his residuary estate which included all of his realty to his widow in trust to apply from the income $400 per annum for her own use in lieu of dower and from the remaining income to provide for the maintenance and education of their two children until they or the survivor of them should attain the age of twenty-one years, then to retain from the prop-

erty and estate the sum of $20,000 to hold upon certain trusts, and pay over what should remain, after reserving another sum sufficient to produce an annuity of $400 for herself, to the two children or the survivor of them..

The children attained the age of twenty-one years, whereupon the funds which were directed to be retained were set apart out of the personality.

*Held,* that although the will contained no express direction for a conveyance of the realty to the children when they or the survivor of them should attain the age of twenty-one years and the two funds directed to be retained had been set apart, such conveyance was implied.

*Held,* further, that the duties of the trustee as to the realty ceased when the children attained the age of twenty-one years and the two funds had been set apart out of the personality, and that from that time the trustee held the legal title to the realty as a mere naked trust for the children who together with the trustee could make a good title to the realty.

CASE STATED for an opinion of the court under the Judiciary Act, cap. 20, § 24.

*May* 13, 1895.  MATTESON, C. J.  We are of the opinion that the provision contained in the residuary clause of the will of James Hamilton. Clarke which reads as follows, namely, "I intend to embrace under this last clause of my will not only the twenty thousand dollars trust fund but all other trust property after the specific trusts thereon are discharged mentioned in this will," has no relation to the real estate which the testator had at his decease, but relates solely to the trust funds which he had directed should be set apart in other portions of his will, to wit : 1, the twenty thousand dollar trust fund mentioned in the clause : 2, the fund of three thousand dollars bequeathed to Frederick N. Cottrell, in trust for the testator's grandson, Hamilton Clarke Seabury, and his child or children : 3, the fund to be retained by Susan C. Clarke, the testator's widow to produce the annuity of four hundred dollars bequeathed to her in lieu of dower.

The real estate passes under the residuary clause, by which the testator gives, devises and bequeaths all the rest and residue of the estate which he has, or is entitled to, at his decease to his beloved wife, Susan C. Clarke, to hold so long as she remains his widow in trust to apply from the income four hundred dollars per annum to her sole and separate use which is to be instead of dower, then out of the remaining

income to provide a suitable maintenance and support, in-cluding education and whatever else should be suitable and proper, for their children, Elizabeth Russell Clarke and Frederick Hamilton Clarke, until they should both arrive at the age of twenty-one years; or if one should die, until the survivor should attain that age; and then to retain from the property and estate the sum of twenty thousand dollars and continue to hold the said twenty thousand dollars in trust for their benefit as subsequently provided, and pay over what should remain of the trust fund after reserving enough thereof to constitute a fund from which to raise the annuity of four hundred dollars for her benefit, to the said Elizabeth and Frederick or the survivor of them. It will be observed that the trust created by the residuary clause, except as to the twenty thousand dollars and the fund to produce the annuity, is continued only till Elizabeth and Frederick, or the survivor of them, should attain the age of twenty-one years. Then the fund for twenty thousand dollars and the fund to raise the annuity are to be set apart and the residue of the personalty is to be paid over to Elizabeth and Frederick. There is no direction, it is true, that the trustee shall convey the real estate to Elizabeth and Frederick, but such conveyance is implied by the direction to retain from the said trust property and the estate twenty thousand dollars and the fund for raising the annuity, for which purposes the retention of the real estate was unnecessary and by the fact that no authority is given the trustee to retain any other portion of the estate than these two funds.

Elizabeth and Frederick having both attained the age of twenty-one years; the personal estate having been sufficient for the setting apart of the trust funds as directed; the funds having been set apart out of the personal estate; the duties of the trustee in reference to the real estate having ceased on the attainment of the age of twenty-one years by Elizabeth and Frederick, the trustee from that date held the legal title to the real estate as a mere naked trust for Elizabeth and Frederick who could have required a conveyance of it to themselves.

The case shows that after attaining the age of twenty-one years, Elizabeth and Frederick conveyed to Susan, their mother, an undivided third of the real estate in question by deed dated September 5, 1892. Since then Susan has been seized and possessed of an undivided third of the land in her own right and of the other two undivided thirds in trust for Elizabeth and Frederick, the trust being a mere naked trust.

We are of the opinion, therefore, that Susan, Elizabeth and Frederick together can make a good title to the land which they have contracted to sell to the other petitioners, John F. Cartol and Charles A. Faris.

*Francis B. Peckham & William P. Sheffield, Jun.*, for different petitioners.